UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re:** <br> **40 Lakeview Drive, LLC** <br> Debtor | Bankruptcy Case No. 15-14962 (VFP) |
| **GRACE S. WONG,** <br> Appellant, <br> v. <br> **JAY L. LUBETKIN, Chapter 7 Trustee,** <br> Appellee | Civ. No. 18-14201 <br><br> **OPINION & ORDER** |

Grace S. Wong, by this motion (DE 17), seeks to "alter or amend" the prior order of then-Chief Judge Linares denying her appeal from the September 6, 2018 Order of the Bankruptcy Court in connection with an adversary proceeding against Quincy Wong. Upon the retirement of Judge Linares, this case was reassigned to me. (DE 23) The trustee has filed a short certification in response. (DE 18)

This is in substance a motion for reconsideration of Judge Linares's order. The standards governing a motion for reconsideration are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, No. 3-cv-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local

1

Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.*; *see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, No. 7-cv-5938, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

Under those well established standards, this motion must be denied. Nothing therein relates to any fact or argument that was not, or could not have been, asserted before.

Judge Linares's order directly addressed the two arguments raised on appeal, finding that they were amply refuted by the 39-page opinion authored by Bankruptcy Judge Vincent F. Papalia after trial in an adversary proceeding.

The first issue concerned avoidance of a mortgage placed on the properly by Quincy Wong. Grace Wong asserted on appeal that the Bankruptcy Court could not act because it failed to determine the owner of the property. As Judge Linares noted, the Bankruptcy court painstakingly reviewed the evidence and determined that the debtor was indeed the owner. There was no error of law, and no basis to overturn such factfinding on appeal.

In her motion, Ms. Wong now asserts that she and the estate of Quincy Wong are real parties in interest who possess standing to assert their rights. Nothing about that argument affects the legitimacy of the Bankruptcy Court's order or provides grounds to overturn Judge Linares's affirmance. Judge Linares, seemingly in an abundance of caution, dealt with Ms. Wong's arguments on their merits, without considering objections to her standing.

Ms. Wong's motion also asserts that the Trustee sat on his rights and failed to take action relating to Quincy Wong's death (apparently sometime

after the Bankruptcy Court issued its opinion). Mr. Wong's appeal was separately dismissed, essentially for want of prosecution. (*See* Judge Linares's Order, DE 16 p.4; *see also* Civ. No. 18-16293.) Nothing specific is stated about what action the Trustee could or should have taken. Mr. Wong's heirs presumably had the burden to take whatever action was appropriate in relation to his estate.

More fundamentally, Ms. Grace Wong offers nothing new or overlooked that would alter Judge Linares's reasoning.

## ORDER

Accordingly, the motion (DE 17) of Grace Wong to "alter or amend" the decision of former Chief Judge Linares is DENIED. The decision of Bankruptcy Judge Papalia is, and remains, AFFIRMED.

The clerk shall reclose the file.

**KEVIN MCNULTY**
**United States District Judge**